UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
DISTRICT COURT
INDIANAPOLIS DIVISION
17 FEB 14 PM 3:38
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| ANDREA FLOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) 1:17-cv-0476 RLY-DML |
| Defendant. | ) |

## NOTICE OF REMOVAL

LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") is named as a Defendant in the above-captioned case, in which Plaintiff seeks to recover monthly disability benefits pursuant to a group insurance policy. The Complaint, captioned *Andrea Flood vs. Life Insurance Company of North America* was filed in the Hendricks Circuit Court, in Hendricks County, in the State of Indiana.

Defendant hereby files this Notice of Removal of this action to this Court. In support of said removal, Defendant states as follows:

1. Plaintiff alleges that she has sustained damages based upon a denial of long-term disability benefits in connection with a group insurance policy issued by LINA. See Plaintiff's Complaint, attached hereto and made a part hereof as Group Exhibit "A."

2. Specifically, Plaintiff alleges that she was entitled to the receipt of long-term disability benefits under a group insurance policy issued by LINA, in connection with Purdue University. LINA denies that it improperly denied benefits to the Plaintiff on behalf of the employee benefit plan and affirmatively states that Plaintiff failed to satisfy the requirements for eligibility for long-term disability benefits under the terms of the subject policy.

3. This action may be removed pursuant to 28 U.S.C. §1441, as this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. The Plaintiff, Andrea Flood, is a citizen of the State of Indiana. At all times relevant to the Plaintiff's Complaint, LINA was incorporated in the Commonwealth of Pennsylvania, and had its principal place of business there; therefore, it was a citizen of the Commonwealth of Pennsylvania. *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946 (U.S. 2006) (Corporation is deemed "citizen" for § 1332 purposes only if its state of incorporation and state where its principal place of business is located.); *Cincinnati Insurance Company v. Eastern Atlantic Insurance Company*, 260 F. 3d 742, 747 (7th Cir. 2001).

4. At no time relevant to Plaintiff's Complaint has LINA had a principal place of business in Indiana, nor was it incorporated in Indiana.

5. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. In the event Plaintiff could demonstrate her eligibility to receive long-term disability benefits as alleged in the Complaint (which Defendant maintains she cannot), Plaintiff's monthly disability benefit would total $1,510.00 per month. Thus, from the date of the denial of Plaintiff's claim for long-term disability benefits through the date of filing of Plaintiff's original Complaint, Plaintiff's disability benefit would have totaled $13,367.00. See Declaration of Lisa Mekkelsen, attached hereto as Exhibit B.

7. Plaintiff also alleges that LINA's denial of long-term disability benefits was in bad faith such that an award of punitive damages may be recovered. LINA denies Plaintiff's allegations of bad faith and denies that Plaintiff is entitled to an award of punitive damages. However, in the event Plaintiff can satisfy his burden to establish entitlement to an award of punitive damages (which Defendant maintains she cannot), Plaintiff may be entitled to an additional award of three times compensatory damages or $50,000.00, whichever is greater. Ind.

Code 34-51-3-4. Accordingly, for purposes of estimating the amount in controversy for purposes of removal, it is appropriate for LINA to estimate that Plaintiff will seek a minimum of $50,000.00 in punitive damages. *See LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (holding punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law).

8. Plaintiff also claims damages for financial losses, emotional distress, attorneys' fees, interest, and costs. (which Defendant maintains she is not entitled)

9. As held in the *Lumbermens Mutual Casualty Company v. Combs* case, "mental pain, by its very nature, is not readily susceptible to quantification and that awards therefor are particularly within the province of the jury." 873 N.E.2d 692 (Ind. App. 2007).

10. As to other financial losses, Plaintiff's counsel has represented that her client claims damages for the increased cost of health insurance premiums as a result of the termination of LTD benefits. (which Defendant maintains she is not entitled)

11. Further, Plaintiff seeks her attorneys' fees, which would not be a negligible amount. (which Defendant maintains she is not entitled)

12. Accordingly, the total comprised alleged damages sought by Plaintiff of past long-term disability benefits, bad faith damages, punitive damages, other financial losses, and attorneys' fees, exceed the jurisdictional minimum of $75,000, exclusive of interest and costs. See *Paddack v. Life Insurance Company of North America*, 4:09-cv-25-TLS-PRC, order dated August 24, 2009 (Removal proper in bad faith denial of long term disability benefits when benefits, punitive damages and damages for financial losses and emotional distress met $75,000 threshold)

3

13. Because the jurisdictional minimum is satisfied, and the parties are of diverse citizenship, the Court has jurisdiction of this action under 28 U.S.C. §1332.

14. Pursuant to 28 U.S.C. §1446(a), Life Insurance Company of America attaches to this Notice of Removal a copy of all process, pleadings and other orders served up on it in the State Court action to date. See Group Exhibit "A" attached hereto.

15. Defendant was served with the Plaintiff's Complaint on January 25, 2017, making this removal notice timely.

16. Life Insurance Company of North America is also filing its Notice of Filing Notice of Removal with the Hendricks Circuit Court in the County of Hendricks, State of Indiana.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: _____
Jennifer Kalas (17396-64)
322 Indianapolis Blvd.
Suite 201
Schererville, IN 46375
Phone No.: 219-864-5051
Fax No. 219-864-5052
E-mail Address: jkalas@hinshawlaw.com

25444752v1 0995152

Case 1:17-cv-00476-RLY-DML   Document 1   Filed 02/14/17   Page 5 of 5 PageID #: 5

## CERTIFICATE OF SERVICE

I certify that on the ___13th___ day of February, 2017, a copy of the foregoing NOTICE OF REMOVAL was filed via UPS OVERNIGHT MAIL. Notice of this filing will be sent to all Counsel of Record via UPS OVERNIGHT MAIL.

HINSHAW & CULBERTSON LLP

By: _____
Jennifer Kalas

Melissa A. Davidson
Charles D. Hankey Law Office
434 E. New York Street
Indianapolis, IN 46202

25444752v1 0995152